UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Gary Esposito and Dawn Esposito

    v.                                         Civil No. 11-cv-402-JL
                                             Opinion No. 2012 DNH 113
SDB Investments, Inc.

**MEMORANDUM ORDER**

Plaintiff Gary Esposito was looking forward to a relaxing week vacationing with family and friends at the Georges Mills Cottages & Lodging on Otter Pond in Georges Mills, New Hampshire. Any expectation he had of relaxing, though, was crushed mere hours into his stay, when he took a nighttime tumble over a rock in an unlit pathway and ruptured his quadriceps tendon. Esposito and his wife have brought suit against the owner and operator of the cottages, SDB Investments, Inc., asserting claims for negligence and loss of consortium. Specifically, plaintiffs allege that SDB failed to exercise reasonable care in maintaining the pathways and outside lighting on the premises. SDB denies those allegations and claims that Esposito's own negligence caused his fall. This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity).

The parties have each filed a motion in limine in advance of the upcoming trial. See L.R. 16.2(b)(3). The plaintiffs have requested a view of the premises where Esposito fell. SDB, in

turn, has moved to exclude evidence of its subsequent removal of the rock Esposito tripped on, as well as evidence of other remedial measures it took after the fall. After reviewing the parties' submissions, this court rules on the motions in limine as set forth below.

## I. View

The plaintiffs have moved for a jury view of the premises on which Esposito fell. They argue that a view is necessary in this case to assist the jury in evaluating a number of disputed issues, including whether:

- the Georges Mills Cottages & Lodging is a rustic location, such that Esposito should have expected rocks in the pathways;

- the existing lighting sufficiently illuminates the area where Esposito fell;

- it would have been a "good idea" for SDB to install a motion-sensitive light in that area;

- the fall could have been prevented if Esposito was carrying a flashlight; and

- Esposito used the most reasonable pathway on the night of his fall.

None of these reasons justify a view in this case.

Whether to permit a jury view "is entrusted to the sound discretion of the trial court." United States v. Crochiere, 129 F.3d 233, 236 (1st Cir. 1997). "In making this determination, the court may consider such factors as the orderliness of the

trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination had been permitted regarding the details of the scene." Id.  In addition, the court may consider whether "there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs." Id.

Applying these factors, the court does not believe a view is warranted.  First, although the court is sympathetic to the idea that the jury could benefit from seeing the lighting around the area of Esposito's fall, it would be necessary to conduct the view at around 9:30 p.m. at night--the time of the fall--in order to ensure that the jury views the lighting in a condition most similar to its condition at the time of the incident.  Plaintiffs have not requested a nighttime view, though, and in any event the burdens on the jurors and court personnel attendant to conducting such a view so late at night counsel against allowing one here.

Second, in light of those burdens, plaintiffs have not persuasively explained why the lighting around the area where Esposito fell, as well as the rusticity of the cottages, cannot be conveyed via photographs or video of the area.  Such visual evidence, in conjunction with the parties' expected testimony and cross-examination regarding both the lighting and the bucolic (or, as the case may be, not-so-bucolic) nature of the cottages'

lakeside setting, should be sufficient to inform the jury regarding these issues.

Third and finally, as depicted in photographs SDB submitted with its objection to the plaintiffs' motion, the present appearance of the area where Esposito fell bears only a passing resemblance to its appearance on the date of his fall.  Among other things, the rock over which Esposito stumbled has been removed, and the area has been landscaped to clearly delineate the pathway in question.  Both those changes arguably affect the purported rusticity of the location, the reasonableness of Esposito's choice of path, and other issues pertinent to the jury's evaluation of the parties' positions.  Even if the court were to give the jury a limiting instruction, these changes could potentially confuse or mislead the jury about the appearance of the pathway and the surrounding area on the day of the fall.  That alone provides sufficient grounds for denying plaintiffs' motion.[1]  Cf. Boucher v. CVS/Pharmacy, Inc., 822 F. Supp. 2d 98, 102-103 (D.N.H. 2011) (excluding photographs of scene of plaintiff's fall because photographs "depict[ed] materially

---

[1] As discussed in the following section, moreover, SDB's changes to the area constitute subsequent remedial measures that are ordinarily inadmissible under Federal Rule of Evidence 407. There appears to be no clear way to visit the scene of the fall without allowing the jury to observe these changes, providing additional justification for denying plaintiffs' motion.

different conditions than those that existed on the day of the incident," thereby creating "a substantial risk that the jury would become confused in thinking that those pictures represented the [scene] on the day Boucher fell"). Plaintiffs' motion for a view is denied.

## II.  Subsequent changes to the premises

SDB has moved to exclude evidence of subsequent remedial measures it took. Specifically, it seeks to exclude evidence that it (a) removed the rock over which Esposito stumbled; (b) installed border stones along the pathway involved in order to "better define" that pathway; and (c) placed solar-powered landscape lights near the rock (prior to its removal, of course) to illuminate it. SDB argues that such evidence must be excluded under Federal Rule of Evidence 407, which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

The court agrees that evidence of SDB's alterations to the pathway is inadmissible under Rule 407. Plaintiffs do not

dispute that those alterations would have made Esposito's injury "less likely to occur," and are therefore inadmissible to prove SDB's neglience.  They argue instead that evidence of those alterations may be admitted to prove that the alterations were feasible.  The rule itself, however, plainly indicates that evidence of subsequent measures is admissible to prove feasibility only if the feasibility of such measures "is disputed."  In a June 21, 2012 conference call with the court, and in previous court filings, SDB's counsel represented that SDB did not intend to dispute the feasibility of these measures at trial.  As plaintiffs have identified no other permissible purpose for which evidence of SDB's alterations to the property may be admitted, SDB's motion to exclude this evidence is granted.[2]

### III. Conclusion

For the reasons set forth above, plaintiffs' motion for a view[3] is DENIED.  SDB's motion to exclude evidence of subsequent remedial measures[4] is GRANTED.

---

[2] This ruling is without prejudice to plaintiffs seeking to admit such evidence should SDB, contrary to its representation, place the feasibility of such measures in dispute at trial.

[3] Document no. 17.

[4] Document no. 19.

**SO ORDERED.**

_/s/ Joe Laplante_
Joseph N. Laplante
United States District Judge

Dated: July 2, 2012

cc: Richard T. Meehan, Esq.
    Stephen E. Borofsky, Esq.
    Gary M. Burt, Esq.